******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# TOWN OF MIDDLEBURY *v.* FRATERNAL ORDER OF POLICE, MIDDLEBURY LODGE NO. 34, ET AL.
## (SC 20733)

Robinson, C. J., and McDonald, D'Auria,
Mullins and Alexander, Js.

### *Syllabus*

The plaintiff town appealed to the trial court from the decision of the defendant State Board of Labor Relations, which concluded that the town had violated the Municipal Employee Relations Act (§ 7-467 et seq.) by unilaterally changing its past practice of including extra duty pay in calculating pension benefits for members of the named defendant union. The labor board's decision was based on its conclusions that the town had violated the statute (§ 7-470 (a) (4)) requiring municipal employers to bargain in good faith, that there had been a consistent past practice of including extra duty pay in the calculation of pension benefits, and that the union had not waived its right to bargain with respect to changes to the calculation of future retirement benefits. In reaching its decision, the labor board applied its well established standard that a union's waiver of its right to bargain with respect to an otherwise mandatory subject of bargaining must be clear and unmistakable. During the pendency of the town's administrative appeal to the trial court, however, the National Labor Relations Board (NLRB) issued a decision in *MV Transportation, Inc.* (368 N.L.R.B. No. 66), in which the NLRB abandoned the clear and unmistakable waiver standard in favor of the contract coverage standard, under which the NLRB initially reviews the plain language of the parties' collective bargaining agreement to determine whether the change made by the employer was within the compass or scope of the contractual language granting the employer the right to act unilaterally. Because the NLRB had held that the contract coverage standard applied retroactively to all pending cases, the trial court remanded the case to the labor board to consider whether to adopt that new federal standard. Subsequently, the labor board declined to adopt the contract coverage standard, and the trial court rendered judgment dismissing the town's administrative appeal, concluding, inter alia, that the town had failed to demonstrate any illegality, abuse of discretion, or prejudice to the town's rights in the labor board's decision. On appeal to the Appellate Court, that court concluded that, because NLRB decisions are not binding on the labor board, the labor board did not act unreasonably, illegally, arbitrarily, or in abuse of its discretion in declining to adopt the contract coverage standard. The Appellate Court also concluded that, because the labor board is the administrative agency tasked with enforcing the Municipal Employee Relations Act, its policy decision to continue to apply the clear and unmistakable waiver standard was entitled to deference. On the granting of certification, the town appealed to this court.

*Held* that the Appellate Court correctly concluded that the labor board did not act unreasonably, illegally, arbitrarily, or in abuse of its discretion when it declined to follow *MV Transportation, Inc.*, and to apply the contract coverage standard in determining whether the town's unilateral change to the way it calculated pension benefits for union members violated the Municipal Employee Relations Act:

Although the Municipal Employee Relations Act was predicated on, and its phraseology was patterned after, the National Labor Relations Act (29 U.S.C. § 151 et seq.), and although this court frequently has relied on federal labor law precedent in interpreting parallel state legislation, including the Municipal Employee Relations Act, the federal act does not apply to Connecticut municipalities, the labor board was neither bound by NLRB precedent nor required to follow the NLRB's decision in *MV Transportation, Inc.*, and, accordingly, the labor board did not

act unreasonably, illegally, arbitrarily, or in abuse of its discretion in declining to follow that case.

Moreover, even if the labor board had followed *MV Transportation, Inc.*, and had adopted the contract coverage standard, the outcome of the present case would not have changed, as the NLRB has clarified that application of the contract coverage standard is limited to cases involving unexpired collective bargaining agreements, and it was undisputed that the agreement between the town and the union expired before the town unilaterally changed its past practice of including extra duty pay in the calculation of pension benefits.

Furthermore, contrary to the town's claim, the Appellate Court did not improperly defer to the labor board's decision to apply the clear and unmistakable waiver standard, as the labor board has applied that standard for approximately fifty years, this court long has approved of the labor board's application of that standard to claims that an employer's unilateral change violated the Municipal Employee Relations Act, prior to *MV Transportation, Inc.*, the United States Supreme Court had endorsed the NLRB's application of the clear and unmistakable waiver standard to claims that an employer's unilateral change to employment conditions constituted a refusal to bargain collectively, and the labor board was the administrative agency authorized and vested with broad powers to enforce collective bargaining rights in this state, such that its policy decision to retain the long-standing and judicially approved clear and unmistakable waiver standard was entitled to deference.

Argued March 30—officially released October 24, 2023

*Procedural History*

Appeal from the decision of the defendant State Board of Labor Relations that the plaintiff's change in its practice of including extra duty pay in the calculation of pensions for members of the named defendant violated the Municipal Employee Relations Act, brought to the Superior Court in the judicial district of Waterbury, where the case was transferred to the judicial district of New Britain; thereafter, the court, *Hon. Stephen F. Frazzini*, judge trial referee, remanded the case to the State Board of Labor Relations to determine whether a decision of the National Labor Relations Board applied retroactively; subsequently, the case was tried to the court, *Hon. Stephen F. Frazzini*, judge trial referee, who, exercising the powers of the Superior Court, rendered judgment dismissing the appeal, from which the plaintiff appealed to the Appellate Court, *Bright, C. J.*, and *Moll* and *Bear, Js.*, which affirmed the trial court's judgment, and the plaintiff, on the granting of certification, appealed to this court. *Affirmed.*

*Thomas G. Parisot*, with whom were *Connor P. McNamara* and *Anne Murdica*, for the appellant (plaintiff).

*Frank N. Cassetta*, general counsel, with whom was *Tamara Titre*, assistant general counsel, for the appellee (defendant State Board of Labor Relations).

*Stephen F. McEleney*, with whom was *David S. Taylor*, for the appellee (named defendant).

*Opinion*

ALEXANDER, J. In the absence of a valid defense, a municipal employer's unilateral change to an employment condition constitutes a refusal to bargain collectively in good faith in violation of the Municipal Employee Relations Act (MERA), General Statutes § 7-467 et seq. One such defense is that the union consented, either expressly or impliedly, to the unilateral change at issue. For nearly fifty years, the defendant State Board of Labor Relations (labor board) has required municipal employers to demonstrate such consent by establishing that the union clearly and unmistakably waived its right to bargain with respect to the particular employment condition.[1] In this certified appeal, the plaintiff, the town of Middlebury (town), challenges the trial court's dismissal of the town's administrative appeal from the decision of the labor board concluding that the town violated MERA by unilaterally changing the town's past practice of including extra duty pay in the calculation of pension benefits for members of the named defendant, Fraternal Order of Police, Middlebury Lodge No. 34 (union). The town claims that the Appellate Court incorrectly determined that the labor board did not act unreasonably, illegally, arbitrarily, or in abuse of its discretion when it declined to apply the "contract coverage" standard, as adopted by the National Labor Relations Board (NLRB) in *MV Transportation, Inc.*, Case No. 28-CA-173726, 368 N.L.R.B. No. 66, slip op., pp. 1–2, 9–11 (September 10, 2019),[2] and instead applied the clear and unmistakable waiver standard to the union's claim that the town's unilateral change to its pension plan constituted a refusal to bargain collectively in good faith in violation of MERA. We disagree and affirm the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the relevant procedural background and facts as found by the labor board. See *Middlebury* v. *Fraternal Order of Police, Middlebury Lodge No. 34*, 212 Conn. App. 455, 458–64, 275 A.3d 664 (2022). In its decision, the labor board found that "the town violated General Statutes § 7-470 (a) (4)[3] when the [town's] retirement [plan] committee[4] excluded extra duty pay from the calculation of members' pension benefits. . . . The labor board . . . determined that the union had established a prima facie case of unlawful unilateral change to a term or condition of employment. Specifically, the labor board found that there was a consistent past practice of including extra duty pay in the calculation of pension benefits that had endured for almost thirty years before the retirement [plan] committee's October, 2017 meeting. The labor board rejected the town's contract defense, concluding that the union had not waived its right to bargain over changes to the calculation of future retirement benefits by referencing the retirement plan in the parties' agreement. In so concluding, the labor board

applied its well established standard for determining whether a union has waived its right to bargain over an otherwise mandatory subject of bargaining, which requires that the waiver be clear and unmistakable. . . .

"The town appealed from the labor board's decision to the Superior Court pursuant to [the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-183]. After the parties appeared for oral argument and submitted briefs in the trial court, the [NLRB] issued a decision in which it abandoned the clear and unmistakable waiver standard[5] in favor of the contract coverage standard[6] in cases over which it has jurisdiction. See *MV Transportation, Inc.*, [supra, 368 N.L.R.B. No. 66]. Because the NLRB held that the newly adopted rule applies retroactively to all pending cases, the trial court remanded the present case to the labor board to consider whether to adopt the new federal standard in Connecticut and, if so, whether to apply it retroactively in the present case.

"On December 12, 2019, the labor board issued an order declining to adopt the contract coverage standard, and the [trial] court . . . dismiss[ed] the town's appeal on March 12, 2020. The [trial] court determined that the labor board's decision was supported by substantial evidence and that the town had failed to demonstrate any illegality, abuse of discretion, or prejudice to its rights in the labor board's decision." (Citation omitted; footnotes added; footnotes omitted.) *Middlebury* v. *Fraternal Order of Police, Middlebury Lodge No. 34*, supra, 212 Conn. App. 462–64.

The town appealed from the judgment of the trial court to the Appellate Court, claiming that the labor board had improperly declined to follow the NLRB's decision in *MV Transportation, Inc.*, and to apply the contract coverage standard to the union's claim that the town's unilateral change to the way it calculates pension benefits violated MERA. Id., 478. The Appellate Court disagreed, concluding that, because NLRB decisions are not binding on the labor board, the labor board did not act unreasonably, illegally, arbitrarily, or in abuse of its discretion in declining to adopt the contract coverage standard. Id., 485–86. The Appellate Court further concluded that, because the labor board is the administrative agency tasked with enforcing MERA, its policy decision to continue applying the clear and unmistakable waiver standard was entitled to deference. Id. On appeal, the town challenges both determinations.

"We begin by articulating the applicable standard of review in an appeal from the decision of an administrative agency. Judicial review of [an administrative agency's] action is governed by the [UAPA] . . . and the scope of that review is very restricted. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably,

arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Internal quotation marks omitted.) *1st Alliance Lending, LLC* v. *Dept. of Banking*, 342 Conn. 273, 280, 269 A.3d 764 (2022).

We find no merit in the town's claim that the labor board acted unreasonably, illegally, arbitrarily, or in abuse of its discretion when it declined to follow *MV Transportation, Inc.*, and to apply the contract coverage standard in determining whether the town's unilateral change to its pension plan violated MERA. In support of its claim, the town argues that *MV Transportation, Inc.*, demonstrates that the clear and unmistakable waiver standard is "theoretically and practically unsupportable," setting an unattainable goal for employers to meet in defending unilateral changes to employment conditions. The town further argues that the contract coverage standard "give[s] effect to the thoroughly and properly negotiated terms and conditions of collective bargaining agreements."

The labor board was not required to follow the NLRB's decision in *MV Transportation, Inc.* Although MERA was predicated on, and its phraseology was patterned after, the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. (2018); see *Connecticut State Labor Relations Board* v. *Connecticut Yankee Greyhound Racing, Inc.*, 175 Conn. 625, 633, 402 A.2d 777 (1978); and although this court frequently has relied on federal labor law precedent when interpreting parallel state legislation, including MERA; see, e.g., *Danbury* v. *International Assn. of Firefighters, Local 801*, 221 Conn. 244, 251–52, 603 A.2d 393 (1992); the NLRA does not apply to Connecticut municipalities. See 29 U.S.C. § 152 (2) (2018) (defining "employer" for purposes of NLRA to exclude "any [s]tate or political subdivision thereof").

Thus, "[although] the interpretation of provisions of the [NLRA] may be extremely helpful . . . neither the state [labor] board nor our courts are compelled to slavishly follow policies [that] have been adopted by the NLRB for the purpose of ensuring administrative efficiency at the federal level." *Connecticut State Labor Relations Board* v. *Connecticut Yankee Greyhound Racing, Inc.*, supra, 175 Conn. 633–34; see id., 638–39 (when applying MERA, state labor board is not bound to follow NLRB evidentiary rules); see also id., 638 ("[t]he [state] labor board, like the NLRB, has broad discretion in administering the state labor laws"); *In re Winsted Memorial Hospital*, Conn. Board of Labor Relations Decision No. 1172-A (August 14, 1973) p. 2 ("[a]lthough NLRB precedents are indeed persuasive, they are not binding [on] us and we have departed from

them when we have found that local conditions and policies require a different result"). Because the labor board is not bound by NLRB precedent, the town cannot prevail on its claim that the labor board acted unreasonably, illegally, arbitrarily, or in abuse of its discretion in declining to follow *MV Transportation, Inc.*

We note, moreover, that, even if we agreed with the town that the labor board should have followed *MV Transportation, Inc.*, and adopted the contract coverage standard, it does not appear that the outcome of this case would change because it is undisputed that the parties' collective bargaining agreement expired before the town unilaterally changed its past practice of including extra duty pay in the calculation of pension benefits. In *MV Transportation, Inc.*, the employer made the challenged unilateral change during the term of the collective bargaining agreement. *MV Transportation, Inc.*, supra, 368 N.L.R.B. No. 66, slip op., p. 3. The NLRB expressly stated that its decision did not "[speak] to the status of contract provisions authorizing unilateral employer action after the contract containing the provisions has expired"; id., p. 15 n.36; thereby limiting its holding to cases involving an employer's unilateral changes made during the duration of the contract and leaving open the question of whether the new standard would apply to postexpiration unilateral changes.

As the Appellate Court observed, less than one year after *MV Transportation, Inc.*, was decided, the NLRB clarified that "provisions in an *expired* [collective bargaining] agreement do not cover postexpiration unilateral changes [to employment conditions] unless the agreement contained language explicitly providing that the relevant provision would survive contract expiration." (Emphasis added; internal quotation marks omitted.) *Middlebury* v. *Fraternal Order of Police, Middlebury Lodge No. 34*, supra, 212 Conn. App. 486 n.8, quoting *Nexstar Broadcasting, Inc.*, 369 N.L.R.B. No. 61, slip op., p. 2 (April 21, 2020); see *National Labor Relations Board* v. *Nexstar Broadcasting, Inc.*, 4 F.4th 801, 811 (9th Cir. 2021) (granting NLRB's petition for enforcement of its decision in *Nexstar Broadcasting, Inc.*). The NLRB explained that, as a general matter, contractual obligations cease "upon termination of the bargaining agreement. . . . Thus, an expired contract has by its own terms released all its parties from their respective contractual obligations, except obligations already fixed under the contract but as yet unsatisfied." (Citation omitted; internal quotation marks omitted.) *Nexstar Broadcasting, Inc.*, supra, 369 N.L.R.B. No. 61, slip op., p. 3. Upon the expiration of a collective bargaining agreement, "an employer has a duty to maintain the status quo. Although the status quo is ascertained by looking to the substantive terms of the expired contract . . . the obligation to maintain the status quo arises out of the [NLRA], not the parties' contract. After a contract expires, terms and conditions continue in

effect by operation of the NLRA. They are no longer [agreed on] terms; they are terms imposed by law." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Id.; see also *National Labor Relations Board* v. *Nexstar Broadcasting, Inc.*, supra, 4 F.4th 809 ("an employer may not excuse itself from its obligation to maintain status quo working conditions after the [collective bargaining agreement's] expiration by simple reference to the broad compass or scope of *expired* contractual terms" (emphasis in original)); *PG Publishing Co.*, 371 N.L.R.B. No. 141, slip op., pp. 5–6 (September 21, 2022) (employer's unilateral change to conditions of employment after expiration of collective bargaining agreement violated NLRA when expired agreement did not clearly and unmistakably waive union's statutory right to require employer to maintain status quo); *Northstar Memorial Group, LLC*, 369 N.L.R.B. No. 145, slip op., p. 2 (July 30, 2020) (applying clear and unmistakable waiver standard in determining that union had not waived right to bargain over conditions of employment that employer had unilaterally changed after expiration of collective bargaining agreement).[7] The NLRB's limitation on the application of the contract coverage standard to unexpired collective bargaining agreements provides further support for our conclusion that the labor board did not act unreasonably, illegally, arbitrarily, or in abuse of its discretion when it declined to apply that standard to the town's unilateral change to its pension plan after the expiration of the parties' collective bargaining agreement.

Finally, we find no merit in the town's claim that the Appellate Court improperly deferred to the labor board's decision to continue applying the clear and unmistakable waiver standard. The town contends that whether to adopt the contract coverage standard presented a "novel" question, and, therefore, the labor board's decision to apply the clear and unmistakable waiver standard, unsupported by any analysis, was entitled to no deference.

There is nothing novel about the labor board's application of the clear and unmistakable waiver standard. As the Appellate Court explained, the labor board has applied that standard for approximately five decades. See *Middlebury* v. *Fraternal Order of Police, Middlebury Lodge No. 34*, supra, 212 Conn. App. 485; see also, e.g., *In re Waterbury Board of Education*, Conn. Board of Labor Relations Decision No. 4337 (September 8, 2008) p. 8; *In re New Haven*, Conn. Board of Labor Relations Decision No. 1342 (October 31, 1975) p. 7. This court has approved of the labor board's application of the clear and unmistakable waiver standard for nearly as long. See, e.g., *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 232 Conn. 57, 64, 653 A.2d 151 (1995) (adopting decision of trial court in *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 43 Conn. Supp. 340, 358, 653

A.2d 229 (1993), which upheld labor board's decision that employer's unilateral change violated MERA and observed that, "[b]ecause waiver of statutory rights by unions is disfavored, the purported waiver must be clear and unmistakable" (internal quotation marks omitted)). Prior to *MV Transportation, Inc.*, the United States Supreme Court twice endorsed the NLRB's application of the clear and unmistakable waiver standard to claims that an employer's unilateral change to employment conditions constituted a refusal to bargain collectively. See *Metropolitan Edison Co.* v. *National Labor Relations Board*, 460 U.S. 693, 708, 103 S. Ct. 1467, 75 L. Ed. 2d 387 (1983) (In interpreting collective bargaining agreements, "[the United States Supreme Court] will not infer from a general contractual provision that the parties [intend] to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable."); *National Labor Relations Board* v. *C & C Plywood Corp.*, 385 U.S. 421, 428, 87 S. Ct. 559, 17 L. Ed. 2d 486 (1967) (in applying clear and unmistakable waiver standard, NLRB "has done no more than merely enforce a statutory right [that] Congress considered necessary to allow labor and management to get on with the process of reaching fair terms and conditions of employment").

As the administrative agency authorized and vested with broad powers to enforce collective bargaining rights in this state, the labor board's policy decision to retain the long-standing and judicially approved clear and unmistakable waiver standard when determining whether a union has waived its statutory right to bargain collectively is entitled to deference. See, e.g., *Lieberman* v. *State Board of Labor Relations*, 216 Conn. 253, 262, 579 A.2d 505 (1990) ("an agency's factual and discretionary determinations are to be accorded considerable weight by the courts"); *Connecticut State Labor Relations Board* v. *Connecticut Yankee Greyhound Racing, Inc.*, supra, 175 Conn. 640 ("[b]ecause the relation of remedy to policy is peculiarly a matter for administrative competence, courts must not enter the allowable area of the [labor] [b]oard's discretion and must guard against the danger of sliding unconsciously from the narrow confines of law into the more spacious domain of policy" (internal quotation marks omitted)). In light of the foregoing, we disagree with the town that it was improper for the Appellate Court to defer to the labor board's decision to apply the clear and unmistakable waiver standard rather than the contract coverage standard in determining whether the union had waived its statutory right to bargain collectively with respect to the manner in which the town calculates its members' pension benefits.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] Under the clear and unmistakable waiver standard, a waiver of the

statutory right to bargain over a condition of employment "may be established by either an express provision in the collective bargaining agreement, or by the conduct of the parties, including past practices and bargaining history. . . . An employer relying on a claim of waiver of a duty to bargain bears the burden of demonstrating it clearly and unmistakably." (Citation omitted; internal quotation marks omitted.) *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 43 Conn. Supp. 340, 358, 653 A.2d 229 (1993), aff'd, 232 Conn. 57, 653 A.2d 151 (1995). "This standard . . . requires bargaining partners to unequivocally and specifically express their mutual intention to permit unilateral employer action with respect to a particular employment term, notwithstanding the statutory duty to bargain that would otherwise apply." (Internal quotation marks omitted.) *MV Transportation, Inc.*, Case No. 28-CA-173726, 368 N.L.R.B. No. 66, slip op., p. 4 (September 10, 2019).

[2] In adopting the contract coverage standard, the NLRB overruled seventy years of precedent applying the clear and unmistakable waiver standard to claims that an employer unilaterally changed a term or condition of employment. See *MV Transportation, Inc.*, supra, 368 N.L.R.B. No. 66, slip op., p. 1. "Under [the] contract coverage [standard], the [NLRB] will examine the plain language of the [collective bargaining] agreement to determine whether action taken by an employer was within the compass or scope of contractual language granting the employer the right to act unilaterally." Id., p. 2. When "the agreement does not cover the employer's disputed act, and that act has materially, substantially and significantly changed a term or condition of employment constituting a mandatory subject of bargaining, the employer will have violated [the National Labor Relations Act, 29 U.S.C. § 151 et seq.] unless it demonstrates that the union clearly and unmistakably waived its right to bargain over the change or that its unilateral action was privileged for some other reason. Thus, under the contract coverage [standard] . . . the [NLRB] will first review the plain language of the parties' [collective bargaining] agreement, applying ordinary principles of contract interpretation, and then, if it is determined that the disputed act does not come within the compass or scope of a contract provision that grants the employer the right to act unilaterally, the analysis is one of waiver." (Emphasis omitted; footnotes omitted.) Id.

[3] General Statutes § 7-470 (a) provides in relevant part: "Municipal employers or their representatives or agents are prohibited from . . . (4) refusing to bargain collectively in good faith with an employee organization which has been designated in accordance with the provisions of said sections as the exclusive representative of employees in an appropriate unit . . . ."

[4] The town created the retirement plan committee to administer the town's retirement plan. See *Middlebury* v. *Fraternal Order of Police, Middlebury Lodge No. 34*, supra, 212 Conn. App. 458, 467.

[5] See footnote 1 of this opinion.

[6] See footnote 2 of this opinion.

[7] The parties have not addressed in their briefs to this court what effect, if any, *Nexstar Broadcasting, Inc.*, has on the town's claim that the labor board improperly declined to apply the contract coverage standard to the union's prohibited practice claim. Because we conclude that the labor board did not act unreasonably, illegally, arbitrarily, or in abuse of its discretion in declining to adopt the contract coverage standard, we need not resolve definitively whether that standard ultimately would have applied to the town's waiver defense.